J-S40009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIC ROGERS | : | |
| | : | |
| Appellant | : | No. 518 EDA 2023 |

Appeal from the PCRA Order Entered February 3, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1231721-1989

BEFORE:   NICHOLS, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED MARCH 26, 2024**

Appellant Eric Rogers appeals *pro se* from the order dismissing his serial

Post-Conviction Relief Act[1] (PCRA) petition as untimely.  Appellant argues that

he met the newly discovered fact exception to the PCRA time bar.  We affirm.

A prior panel of this Court summarized the relevant facts of this matter

as follows:

> Appellant worked for a man named Craig Haynes and received a
> salary of $600 a week to watch over Haynes' drug houses.  In the
> spring of 1989, the Haynes group and the Junior Black Mafia (JBM)
> became engaged in a "war."  The JBM was a rival group that
> conducted the same business as Haynes.  Appellant's conviction
> arose out of an incident that occurred on June 29, 1989.  On that
> date, a crowd had gathered to watch a basketball game at Fourth
> Street and Washington Avenue.  After consulting with Haynes,
> Byron Massey Lawrence informed Appellant that two men sitting

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

in a parked car were JBM members and that they were to "hit" them.

The victims, Anthony Fletcher and Eric Hurst, were sitting in Fletcher's gold BMW parked on Fourth Street beside the playground. Appellant was armed with a .45 caliber automatic which was given to him by Haynes two days prior to the shooting. Lawrence was armed with a .32 caliber automatic. Appellant repeatedly fired at the car from the rear while Lawrence shot from the front. Eric Hurst, who was shot from behind in the head and chest, fell to the ground and died as he tried to get out of the car. Fletcher ultimately recovered from the gunshot wounds. Raymond Adams, who was familiar with Appellant and his accomplice, was an eyewitness to this [shooting, which] occurred at approximately 7:15 P.M.

On November 21, 1989, Appellant was arrested and gave a voluntary inculpatory statement. At a hearing on March 22, 1991, Appellant was unsuccessful in having that statement suppressed. After a jury trial on April 4, 1991, Appellant was convicted of murder in the first degree, criminal conspiracy, aggravated assault, and possession of an instrument of crime. Appellant received a sentence of life imprisonment for first-degree murder.

*Commonwealth v. Rogers*, 615 A.2d 55, 57 (Pa. Super. 1992) (*Rogers I*)

(citations omitted and some formatting altered).

This Court affirmed Appellant's judgment of sentence on October 1, 1992. *Id.* at 65. Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

Another panel of this Court summarized the subsequent procedural history of this, and a related matter, as follows:

More than seven years later, on December 6, 1999, [Appellant] filed his first [*pro se*] petition pursuant to the PCRA.[fn2] The PCRA court appointed counsel to represent [Appellant]. Appointed counsel subsequently filed a petition to withdraw and a *Turner*/*Finley*[fn3] no-merit letter asserting that [Appellant's] petition was untimely filed and without merit. On July 14, 2000, the PCRA court entered an order granting counsel's petition to

withdraw, and dismissing [Appellant's] PCRA petition. This Court affirmed the order of the PCRA court. Since that time, [Appellant] has filed multiple PCRA petitions challenging his conviction in [this] case, all of which were unsuccessful before the PCRA court and on appeal. [*See, e.g.*, *Commonwealth v. Rogers*, 326 EDA 2003 (Pa. Super. filed Jan. 21, 2004) (*Rogers IV*) (unpublished mem.).]

[fn2] [Appellant's] first PCRA petition did not fall within the 60-day "grace period" established by the 1995 amendments to the PCRA, which required [Appellant] to file his first petition or before January 16, 1997.

[fn3] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

In a separate case, docketed at number CP-51-CR-0509222-1991 ("the Guilty Plea Case"), on October 31, 1991, [Appellant] pled guilty to possession with intent to deliver a controlled substance, criminal conspiracy, and corrupt organizations. On December 3, 1991, the trial court sentenced [Appellant] to a prison term of ten to twenty years for his conviction of corrupt organizations, a prison term of five to ten years for his conviction of criminal conspiracy, and a prison term of one to two years for his narcotics offense. [Appellant] did not file a direct appeal of his judgment of sentence in the Guilty Plea Case. . . .

*Commonwealth v. Rogers*, 2051 EDA 2012, at 1-3 (Pa. Super. filed May 16, 2013) (*Rogers VII*) (unpublished mem.) (citation and some formatting altered).

On February 13, 2017, the Honorable Mitchell S. Goldberg of the United States District Court for the Eastern District of Pennsylvania granted Appellant's petition for a writ of *habeas corpus* and ordered that the Commonwealth vacate Appellant's conviction for corrupt organizations[2] in the

---

[2] 18 Pa.C.S. § 911(b).

Guilty Plea Case and resentence Appellant.  **See Rogers v. Mahally**, 2017 WL 590268, at *1 (E.D. Pa. filed Feb. 13, 2017) (Federal *Habeas* Case).

Meanwhile, Appellant filed a *pro se* PCRA petition in this case on May 13, 2016, in which he argued that his sentence for first-degree murder was illegal.  **See** *Pro se* PCRA Pet., 5/13/16, at 1-7.  Although the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's PCRA petition without a hearing on March 1, 2017, the PCRA court did not dismiss that PCRA petition.

On April 4, 2017, while Appellant's PCRA petition remained pending before the PCRA court, Appellant filed another[3] *pro se* PCRA petition arguing that the outcome of his Federal *Habeas* Case satisfied the newly discovered facts exception to the PCRA's one-year time bar.  *Pro se* PCRA Pet., 4/4/17, at 3; Mem. of Law, 4/4/17, at 2-4.  Appellant argued that the admission of evidence related to his now-vacated corrupt organizations convictions at his

_____

[3] The PCRA court treated Appellant's April 4, 2017 filing as an amendment to Appellant's pending May 13, 2016 PCRA petition.  **See, e.g.**, PCRA Ct. Rule 907 Notice, 9/14/20, at 1 (unpaginated).  However, Appellant consistently argued that his April 4, 2017 filing was a separate petition from his May 13, 2016 petition.  **See, e.g.**, Appellant's Reply Brief at 3, 5; Resp. to Rule 907 Notice, 9/24/20, at 1-3.  A PCRA court may consider multiple PCRA petitions relating to the same judgment of sentence simultaneously unless an appeal is pending from one of the PCRA court's orders.  **See Commonwealth v. Montgomery**, 181 A.3d 359, 365 (Pa. Super. 2018) (*en banc*).  For the purposes of this appeal, we treat Appellant's April 4, 2017 filing as a separate PCRA petition and the PCRA court's February 3, 2023 order as dismissing all of Appellant's outstanding PCRA petitions.

murder trial violated his constitutional rights. *Pro se* PCRA Pet., 4/4/17, at 3; Mem. of Law, 4/4/17, at 5, 14.

Appellant filed several subsequent amendments and supplements to his April 4, 2017 PCRA petition, including an amendment stating that he had received new evidence of his innocence in the form of an affidavit by Christopher Laster (Laster Affidavit). Am. PCRA Pet., 9/18/20, at 1-2. On December 19, 2022, the PCRA court filed Rule 907 notice of intent to dismiss Appellant's PCRA petition. Appellant filed a *pro se* response. On February 3, 2023, the PCRA court issued an opinion and order dismissing Appellant's PCRA petitions as untimely. *See* PCRA Ct. Op. & Order, 2/3/23, at 1-4.

Appellant filed a timely notice of appeal. The PCRA court did not order Appellant to comply with Pa.R.A.P. 1925(b). The PCRA court did not issue a separate Rule 1925(a) opinion.

On appeal, Appellant raises the following issues, which we reorder as follows:

1. Whether the PCRA court erroneously dismissed the instant PCRA petition as untimely filed?

2. Whether the PCRA petition was filed within 60 days of the federal Judge Goldberg's *vacatur* of the [corrupt organizations] charge/evidence that was used in the [Appellant's] murder trial unconstitutionally?

3. Whether [Appellant] deserves a remand to the PCRA court to determine if he was indeed egregiously neglected and abandoned in his initial — review process as stated in the prior Superior Court opinion, and whether it should be done in the interests of justice and fairness in light of the state not having an adequate mechanism in place for the petitioner to — enforce the state created right to effective PCRA counsel?

4. Whether the "sufficiency of evidence" claim should be reviewed in the [sic] new light due to the *vacatur* of the [corrupt organizations] evidence that was used in the murder trial?

5. Whether the "newly discovered fact" affidavit[] from Christopher Laster fits within the hearsay exception against penal interest?

Appellant's Brief at 3 (some formatting altered).

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. . . . [W]e apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered). We may affirm the PCRA court on any valid grounds. *See Commonwealth v. Wiley*, 966 A.2d 1153, 1157 (Pa. Super. 2009) (stating this Court "may affirm the decision of the PCRA court if there is any basis on the record to support the PCRA court's action; this is so even if we rely on a different basis in our decision to affirm" (citation omitted and formatting altered)).

The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014); *see also Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition" (citation and emphasis omitted)). "A PCRA petition, including a second or

subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." ***Commonwealth v. Jones***, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. ***See id.*** at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final only if the petitioner pleads and proves one of the following three statutory exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within sixty days of the date the claim could have first been presented. ***See*** 42 Pa.C.S. § 9545(b)(2) (subsequently am. eff. Dec. 24, 2018).[4] It is the petitioner's "burden to allege and prove that one of the

_____

[4] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a PCRA petition from sixty days to one year
*(Footnote Continued Next Page)*

timeliness exceptions applies." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).

To establish the newly discovered fact exception to the PCRA time bar, a petitioner must demonstrate that "he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence." ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015) (citation omitted). Due diligence requires that the petitioner "take reasonable steps to protect his own interests." ***Id.*** (citation omitted) A petitioner must explain why he could not have learned these "new facts" earlier with the exercise of due diligence. ***Id.*** The focus of this exception is on newly discovered facts, not on newly discovered or newly willing sources that merely corroborate previously known facts or previously raised claims. ***See id.***

Our Supreme Court has repeatedly stated that "the newly discovered facts exception to the time limitations of the PCRA, as set forth in [S]ection 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S. § 9543(a)(2)[(vi)]." ***Commonwealth v. Burton***, 158 A.3d 618, 629 (Pa. 2017) (formatting altered).

---

from the date the claim could have been presented. ***See*** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915) (eff. Dec. 24, 2018). The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter. Appellant filed his PCRA petition on April 4, 2017, therefore, it falls under the pre-amendment sixty-day requirement.

As stated previously, this Court affirmed Appellant's judgment of sentence on October 1, 1992, and Appellant did not file a petition for allowance of appeal with our Supreme Court. Therefore, Appellant's judgment of sentence became final on November 2, 1992.[5] **See** 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); Pa.R.A.P. 1113(a) (providing that an appellant has thirty days to file a petition for allowance of appeal with our Supreme Court). Accordingly, Appellant's instant PCRA petition, which was filed on April 4, 2017, is facially untimely. **See** 42 Pa.C.S. § 9545(b)(1).

Appellant argues that his PCRA petition is timely under the newly discovered fact exception at Section 9545(b)(1)(ii). Specifically, Appellant contends that the United States District Court's order vacating his corrupt organizations conviction and his prior PCRA counsel's ineffectiveness constitute newly discovered facts. Appellant's Brief at 7-10, 45-55.[6]

_____

[5] October 31, 1992 was a Saturday. Accordingly, the last day on which Appellant could have filed a petition for allowance of appeal was Monday, November 2, 1992. **See** 1 Pa.C.S. § 1908 (excluding holidays and weekends from time computations).

[6] We note that while Appellant refers to the Laster Affidavit as a "newly discovered fact," it is clear that Appellant is actually raising a substantive claim of after-discovered evidence on appeal, not the newly discovered facts exception to the PCRA time bar **See** Appellant's Brief at 35-36 (discussing the
*(Footnote Continued Next Page)*

**Federal *Habeas* Case**

First, Appellant argues that the United State District Court's order granting his petition for a writ of *habeas corpus* and vacating his corrupt organizations conviction satisfies the newly discovered fact exception. ***Id.*** at 7-10. Specifically, Appellant contends that the Federal *Habeas* Case was a new fact that he could not learned about until the federal court issued its order. ***Id.*** Appellant asserts that he filed the instant PCRA petition within sixty days of the date that District Court issued its order in the Federal *Habeas* Case. ***Id.*** at 7, 9. Appellant argues that this Court should treat the Federal *Habeas* Case as a newly discovered fact because it directly involves Appellant. ***Id.*** at 7-9 (citing, *inter alia*, ***Commonwealth v. Watts***, 23 A.3d 980, 988 (Pa. 2011) (Baer, J., concurring); ***Commonwealth v. Lawson***, 2543 EDA 2018, 2020 WL 119655 (Pa. Super. filed Jan. 10, 2020) (unpublished mem.)).[7]

---

four-part test for an after-discovered evidence claim under 42 Pa.C.S. § 9543(a)(2)(vi)).

As noted previously, "the newly discovered facts exception to the time limitations of the PCRA, as set forth in [S]ection 9545(b)(1)(ii), is distinct from the after-discovered evidence basis for relief delineated in 42 Pa.C.S. § 9543(a)(2)[(vi)]." ***Burton***, 158 A.3d at 629 (formatting altered). To the extent that Appellant claims that he is entitled to relief based on Section 9543(a)(2)(vi), we note that Section 9543(a)(2)(vi) is not an exception to the PCRA time bar. ***See id.*** Accordingly, Appellant has failed to argue that the Laster Affidavit satisfies any of the Section 9545(b)(1) exceptions to the PCRA time bar.

[7] ***See*** Pa.R.A.P. 126(b) (providing that unpublished non-precedential decisions of the Superior Court filed after May 1, 2019, may be cited for their persuasive value).

Appellant asserts that evidence[8] related to his now-vacated corrupt organizations conviction in the Guilty Plea Case was presented at his 1991 murder trial in this case. *Id.* at 8.

Our Supreme Court has held that "judicial determinations do not satisfy the newly discovered fact exception because an in-court ruling or published judicial opinion is law, for it is simply the embodiment of abstract principles applied to actual events." *Commonwealth v. Reid*, 235 A.3d 1124, 1146 (Pa. 2020) (citations omitted and formatting altered); *see also Watts*, 23 A.3d at 986 (stating that "judicial determinations are not facts."). However, "[t]he events that prompted the analysis, which must be established by presumption or evidence, are regarded as fact." *Reid*, 235 A.3d at 1146 (citations omitted and formatting altered). "[S]ubsequent decisional law does not amount to a new fact under Section 9545(b)(1)(ii) of the PCRA." *Id.* at 1147 (citation omitted and formatting altered).

In *Lawson*, the defendant had been convicted of multiple counts of robbery, burglary, and conspiracy. *Lawson*, 2020 WL 119655, at *1. At the

---

[8] Appellant does not identify the evidence he claims was related to his corrupt organizations conviction that was admitted at his murder trial in his argument regarding that the Federal *Habeas* Case satisfies the newly discovered facts exception. However, in his argument regarding the sufficiency of the evidence, Appellant contends that evidence related to his now-vacated corrupt organizations conviction should have been excluded at his murder trial. In support, he argues that the testimony of New Jersey State Trooper Patrick Waninger should have been excluded in that it stated in part that Appellant attempted to flee from the Trooper in a car, and that the Trooper confiscated $20,000 in cash from Appellant, because the testimony inferred that Appellant was engaged in a drug transaction. Appellant's Brief at 13-14.

- 11 -

time the defendant was sentenced, he was also serving a sentence for an unrelated federal attempted murder conviction. *Id.* After the defendant's federal conviction was vacated, he filed a PCRA petition arguing that the reversal of his federal conviction was a newly discovered fact because the Pennsylvania trial court considered the defendant's federal conviction when imposing sentence. *Id.* at *1-2. Ultimately, this Court agreed with the PCRA court's conclusion that the defendant had satisfied the newly discovered fact exception under Section 9545(b)(1)(ii). *Id.* at *2. Therefore, the *Lawson* Court remanded the matter for the PCRA court to determine if the defendant was entitled to credit for time served for his robbery and related sentences which he had been serving alongside the now-vacated federal sentence. *Id.* at *3.

Here, the PCRA court explained:

[Appellant] has attempted to satisfy the newly-discovered fact exception, 42 [Pa.C.S.] § 9545(b)(1)(ii), by citing to a judicial decision where his Pennsylvania Corrupt Organizations Act . . . conviction was recently vacated. [*See Rogers v. Mahally*, 2017 WL 590268, at *1 (E.D. Pa. filed Feb. 13, 2017)]. More precisely, it appears [Appellant] is averring that, in light of the [corrupt organizations] conviction being vacated, all the evidence associated with that case has been vacated, as well.[fn5] *See* PCRA Petition, 4/4/2017, at 3.

> [fn5] The fact that [Appellant's corrupt organizations] conviction was vacated is irrelevant to his argument, as that charge stems from a subsequent case brought against him in 1991 that does not apply here.

Preliminarily, judicial decisions do not qualify as previously-unknown facts for purposes of subsection 9545(b)(1)(ii). *See Commonwealth v. Watts*, A.3d 980, 986 (Pa. 2011); *see also Commonwealth v. Reid*, 235 A.3d 1124 (Pa. 2020) (Stating a

judicial opinion — even one which may establish a new theory or method of obtaining relief — does not amount to a new fact, within may establish a new theory or method of obtaining relief – does not amount to a new fact, within the meaning of the "newly discovered fact" exception to the limitations bar). Therefore, [Appellant] has failed to satisfactorily invoice any prong of subsection 9545(b)(1)(ii).

PCRA Ct. Op. & Order at 2-3 (footnote omitted).

Following our review of the record, we agree with the PCRA court that Appellant has failed to meet the newly discovered fact exception based on his Federal *Habeas* Case because a judicial determination is not a "fact." **See Blakeney**, 193 A.3d at 361; **see also Reid**, 235 A.3d at 1146-47; **Watts**, 23 A.3d at 986-87.[9]

Insofar as Appellant relies on **Lawson**, we note the facts of that case are distinguishable. In **Lawson**, the defendant was convicted in federal court **before** his sentencing in a Pennsylvania court, therefore the decision vacating the defendant's federal conviction was a newly discovered fact which affected his subsequent Pennsylvania sentence. **See Lawson**, 2020 WL 119655, at *1-3. Here, Appellant's now-vacated conviction for corrupt organizations was the result of a guilty plea he entered on October 31, 1991, almost seven months **after** he was convicted of murder and related offenses in this matter.

_____

[9] Appellant's reliance on then-Justice (later Chief Justice) Baer's concurring opinion in **Watts** is misplaced. A decision of our Supreme Court "has binding effect if a majority of the participating Justices joined the opinion." **Commonwealth v. Kane**, 188 A.3d 1217, 1227 (Pa. Super. 2018) (citation omitted). Only one of the six other justices joined Justice Baer's concurrence in **Watts**, **see Watts**, 23 A.3d at 988-89, therefore, it lacks precedential value and is not binding on this Court. **See Kane**, 188 A.3d at 1227.

Because Appellant's vacated conviction is for a sentence imposed after the sentence in the instant case, we conclude the facts of this case are distinguishable from those of ***Lawson***.  Therefore, Appellant is not entitled to relief on this claim.

### Ineffective Assistance of PCRA Counsel

Appellant also argues that his PCRA petition was timely filed because his first PCRA counsel abandoned Appellant by failing to file a timely PCRA petition.  Appellant's Brief at 45-55.  Appellant notes that this Court has acknowledged that prior PCRA counsel neglected and abandoned Appellant in connection with his first PCRA petition.  ***Id.*** at 46 (citing ***Rogers IV***, 326 EDA 2003 (Beck, J., concurring)).  Appellant contends that initial PCRA counsel's abandonment satisfies the newly discovered fact exception to the PCRA's time bar and that he first raised this claim in a motion to appeal *nunc pro tunc* that he filed in 1999.  ***Id.*** at 47, 50-55 (citing, *inter alia*, ***Commonwealth v. Peterson***, 192 A.3d 1123 (Pa. 2018); ***Commonwealth v. Bennett***, 930 A.2d 1264 (Pa. 2007)).

Generally, claims of ineffective assistance of counsel do not constitute a "fact" for the purposes of invoking the newly discovered facts exception to the PCRA time bar found in Section 9545(b)(1)(ii).  ***See Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 786 (Pa. 2000).  In ***Bennett***, our Supreme Court recognized an exception to ***Gamboa-Taylor***'s general rule and held that counsel's abandonment of a client on direct appeal can constitute a "fact" for the purposes of Section 9545(b)(1)(ii).  ***Bennett***, 930 A.2d at 1274.  The

***Bennett*** Court further explained that PCRA petitioner raising a claim of abandonment by counsel to invoke Section 9545(b)(1)(ii) as an exception to the PCRA's time bar "must still prove that [counsel's abandonment of the petitioner] meets the requirements" of Section 9545(b)(1)(ii), *i.e.*, "the facts were 'unknown' to [the petitioner] and that he could not uncover them with the exercise of 'due diligence.'" ***Id.***; ***see also Brown***, 111 A.3d at 176.

Subsequently, the Pennsylvania Supreme Court held that the ***Bennett*** exception applies to instances "where PCRA counsel's ineffectiveness *per se* completely forecloses review of collateral claims." ***Peterson***, 192 A.3d at 1130. The ***Peterson*** Court explained:

> Abandonment, . . . is only one form of ineffectiveness *per se*, and our decision in ***Bennett*** did not limit its application to instances of attorney abandonment. To the contrary, in ***Bennett*** we emphasized that the important distinction for purposes of application of the subsection 9545(b)(1)(ii) exception is whether counsel's alleged ineffectiveness results in a partial deprivation of review (***Gamboa-Taylor*** and its progeny) or instead completely deprives his client of review. ***See Bennett***, 930 A.2d at 1272-74.

***Id.*** at 1131.

Here, in its opinion accompanying its order denying Appellant's PCRA petition, the PCRA court concluded that Appellant failed to establish the timeliness exception for newly-recognized constitutional right under 42 Pa.C.S. § 9545(b)(1)(iii). ***See*** PCRA Ct. Op. & Order at 1-2. However, based on our review of the record and the briefs, it is clear that Appellant is arguing that his claim of abandonment by PCRA counsel satisfies the newly discovered facts exception, not the exception for a newly-recognized constitutional right.

*See, e.g.*, Mem. of Law in Supp. of PCRA Pet., 5/19/20, at 1, 11-15; Mem. of Law in Supp. of PCRA Pet., 11/6/18, at 1-8 (unpaginated).

In any event, Appellant has failed to establish that he filed the instant PCRA petition within sixty days of the date he could have first presented his claim of abandonment by PCRA counsel. *See* 42 Pa.C.S. § 9545(b)(2) (subsequently am. eff. Dec. 24, 2018). Further, Appellant's attorney abandonment claim has been previously litigated. Notably, Appellant admits that he filed motions as far back as April of 1999 in which he claimed that he had been abandoned by PCRA counsel. *See* Appellant's Brief at 47. Additionally, Appellant has cited a concurring statement from one of his previous appeals, issued on January 21, 2004, which discusses the issue of PCRA counsel's abandonment. *See Rogers IV*, 326 EDA 2003 (Beck, J., concurring). We observe that Appellant filed the instant PCRA petition on April 4, 2017, over thirteen years after the Honorable Phyllis W. Beck issued her concurring statement in *Rogers IV*, and nearly eighteen years after Appellant first filed a motion to appeal *nunc pro tunc*. Accordingly, Appellant cannot rely on previously litigated PCRA attorney abandonment claims to establish newly discovered facts exception to the PCRA's time bar. Therefore, although we agree with the PCRA court that Appellant is not entitled to relief, we do so for different reasons. *See Wiley*, 966 A.2d at 1157. Accordingly, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 3/26/2024